J-S70041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CORNELIUS HORAN | : | |
| | : | |
| Appellant | : | No. 4085 EDA 2017 |

Appeal from the PCRA Order November 13, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0002369-2015

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:  **FILED JANUARY 07, 2019**

Appellant, Cornelius Horan, appeals from the order entered in the Delaware County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On July 14, 2015, Appellant entered a negotiated guilty plea to two counts of robbery—threat of immediate serious injury (18 Pa.C.S.A. 3701(a)(1)(ii)) and one count of robbery—taking property from other by force however slight (18 Pa.C.S.A. 3701(a)(1)(v)), in connection with his June 28, 2014 attempted robbery of a 7-Eleven convenience store and robbery of a Rite-Aid Pharmacy. On the same day, the court sentenced Appellant to an aggregate term of ten (10) to twenty (20) years' incarceration, plus costs and restitution.  Appellant

did not file an appeal.

Appellant timely filed his first *pro se* PCRA petition on August 5, 2016, and the PCRA court appointed counsel on August 8, 2016. On September 14, 2016, counsel filed a petition to withdraw, which the PCRA court granted. The PCRA court appointed new counsel on May 23, 2017, who filed a motion for leave to withdraw and a ***Turner/Finley***[1] no merit letter on October 2, 2017. On October 10, 2017, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing, per Pa.R.Crim.P. 907. The PCRA court dismissed the petition on November 13, 2017, without addressing counsel's request to withdraw.

Appellant timely filed a notice of appeal on December 12, 2017. On December 13, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b). Current PCRA counsel filed on January 2, 2018, a Rule 1925(c)(4) statement of intent to file an ***Anders***[2] brief. Counsel has also filed with this Court a petition to withdraw representation and a brief, designated as an ***Anders*** brief, on September 24, 2018.

Before counsel can withdraw representation **under the PCRA**, the law requires counsel to satisfy the mandates of ***Turner/Finley***. ***Commonwealth***

---

[1] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988); ***Commonwealth v. Finley***, 550 A.2d 213 (1988).

[2] ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

***v. Karanicolas***, 836 A.2d 940, 947 (Pa.Super. 2003).

> ...***Turner/Finley*** counsel must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007). Withdrawal as counsel in this context also includes certain notice requirements: Counsel must contemporaneously serve on Appellant copies of the "no-merit" letter or brief, the petition to withdraw, and a letter with a statement advising Appellant that he has the immediate right to file a brief in this Court *pro se* or with new privately-retained counsel within 30 days. ***Commonwealth v. Muzzy***, 141 A.3d 509 (Pa.Super. 2016). To withdraw, counsel must assure this Court of counsel's compliance with these technical requirements. ***Id.***

Instantly, counsel submitted a ***Turner/Finley*** brief on appeal (even though counsel designated it as an ***Anders*** brief) and a petition to withdraw as counsel.[3] Both the brief and counsel's petition to withdraw demonstrate he

---

[3] In the context of a PCRA petition and request to withdraw, the appropriate filing is a "no-merit" letter/brief. ***See Turner, supra***; ***Finley, supra***. ***But see Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 584 Pa. 691, 882 A.2d 477 (2005) (stating Superior Court can accept ***Anders*** brief in *lieu* of ***Turner/Finley*** letter, where PCRA counsel seeks to withdraw on PCRA appeal). Instantly, counsel incorrectly designated the brief filed on appeal as an ***Anders*** brief, but we will treat it as

has made a conscientious examination of the record in this case and determined the appeal is totally frivolous. Counsel notified Appellant of counsel's request to withdraw, advised Appellant of his right to retain new counsel and/or raise any points he might deem worthy of consideration, and furnished Appellant with a copy of the petition and the brief prepared for this appeal. Thus, counsel has substantially complied with the technical requirements of **Turner/Finley**, notwithstanding the designation on the appellate brief. **See Karanicolas, supra**. Accordingly, we proceed with our independent assessment. **See Turner, supra** at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous). Appellant has not responded to counsel's petition.

Appellant raises one issue in the **Turner/Finley** brief:

> WAS...APPELLANT PRESSURED BY TRIAL COUNSEL TO ENTER INTO A NEGOTIATED GUILTY PLEA?

(**Turner/Finley** Brief at 4).

Appellant claims plea counsel was ineffective because plea counsel pressured Appellant into entering the negotiated guilty plea, despite counsel's knowledge of Appellant's mental health issues. Appellant also contends

---

a **Turner**/**Finley** brief. We think that the misnomer is largely attributable to the language in Rule 1925(c)(4), referring only to **Anders v. California, supra** and **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981). We have allowed that language to cover **Turner/Finley**. **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).

counsel confused Appellant about his exposure in reference to the pending charges due to Appellant's prior convictions. Appellant concludes this Court should reverse the trial court's decision to dismiss his PCRA petition and remand for further proceedings. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel

had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit...." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. *Commonwealth v. Fluharty*, 632 A.2d 312 (Pa.Super. 1993). Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003). Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea involuntary. *Id.* at 522.

Instantly, at the guilty plea hearing on July 14, 2015, Appellant engaged in a thorough oral guilty plea colloquy. The record makes clear that plea counsel and Appellant discussed the possibility of obtaining Appellant's psychiatric and medical records, as well as the opportunity for a doctor to evaluate Appellant. Plea counsel explained the evidence the Commonwealth would present if the matter proceeded to trial and discussed the punishment Appellant might face on the pending charges due to his prior convictions. Finally, plea counsel informed Appellant of the rights he was relinquishing by pleading guilty, including his right to a trial by judge or jury, his right to ensure the Commonwealth met its burden of proof, and his limited appeal rights. Appellant confirmed he understood the rights he was giving up and expressed no reservations about his decision to plead guilty.

Moreover, Appellant executed a written guilty plea colloquy that affirmed his decision to plead guilty. Nothing in Appellant's oral or written colloquies suggests that Appellant's plea was unknowing, unintelligent, or involuntary. *See Fluharty, supra*. Consequently, Appellant is not entitled to relief on his claims that counsel pressured or misled him into pleading guilty. *See Moser, supra*; *Pollard, supra*. Following our independent review of the record, we agree with counsel that the appeal is frivolous. Accordingly, we affirm and grant counsel's petition to withdraw.

Order affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/19